UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN BARNES,

    Plaintiff,

v.                                          Case No. 2:11-CV-14484

TOM COMBS, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF DISMISSAL**

On October 12, 2011, Plaintiff John Barnes, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, members of the Michigan Parole Board and the director of the Michigan Department of Corrections, violated his constitutional rights by failing to adequately consider his parole eligibility. After reviewing Plaintiff's complaint, the court will *sua sponte* dismiss the complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**I. BACKGROUND**

Plaintiff pleaded guilty to first-degree criminal sexual conduct in 1979. As part of the plea bargain, the prosecutor and Plaintiff agreed that Plaintiff would receive a life sentence with parole eligibility consideration after ten calender years.

In 1993, Plaintiff was given a face-to-face interview with a parole board member, but received a "no interest" notice from the Michigan Parole Board and a review date of

1

his case in five years. Plaintiff's parole eligibility was reviewed by the Parole Board again in 1998 and 2004. On both occasions, the Parole Board informed Plaintiff that they had no interest in releasing him on parole. In August 2008 and again in August 2009, Plaintiff was given in-person interviews in compliance with Judge Marianne O. Battani's decision in *Foster-Bey v. Rubitschun*, No. 05-71318 (E.D. Mich. Oct. 27, 2007). Plaintiff was given "no interest" notices each time. On April 28, 2011, Plaintiff was again given "no interest" notice by the Parole Board.

Plaintiff claims that the plea bargain he entered into with the prosecutor in 1979, in which the parties agreed that he would receive a life sentence with parole eligibility consideration after ten years in prison, created a liberty and property interest in Plaintiff receiving parole eligibility consideration. Plaintiff further claims that the Parole Board's refusal to prepare a parole eligibility guidelines score to determine whether Plaintiff should be released on parole is cruel and unusual punishment. Plaintiff asserts his claims against members of the Parole Board and the director of the Michigan Department of Corrections, in their individual and official capacities, and seeks declaratory and injunctive relief, as well as monetary damages.

## II. STANDARD

Plaintiff paid the $350 filing fee, thus rendering inapplicable this court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2). As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate

regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore v. Wigglesworth,* 114 F. 3d 601, 612 (6th Cir. 1997).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*,

3

860 F. Supp. 391, 392 ( E.D. Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, the complaint is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001). Because the court finds that Plaintiff's claim is devoid of merit and seeks relief from government officers, the court will *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915A.

### III.  DISCUSSION

Plaintiff asserts three claims against Defendants: (1) a "procedural due process claim" arguing that the Parole Board's alleged failure to prepare a parole evaluation report in his case constituted deprivation of a constitutionally protected liberty interest; (2) a "cruel and unusual punishment claim" averring that Defendants' failure to consider Plaintiff's parole eligibility "made plaintiff's parolable life sentence cruel and unusual punishment"; and (3) a claim arguing that the Parole Board's alleged violation of Plaintiff's plea bargain deprived him of a constitutionally protected property interest in his plea bargain.

Where a prisoner is not claiming immediate entitlement to parole, he may challenge the procedures used by a parole board to deny him or her parole under § 1983,. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007) (stating that a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Here, Plaintiff does not seek immediate release, and instead asks the court to: (1) issue

a declaratory judgment finding Defendants violated Plaintiff's constitutional right; (2) issue an injunction barring Defendants from issuing future "no interest" notices and requiring Defendants to honor the plea agreement; and (3) impanel a jury to decide compensatory damages.

### A. Plaintiff's Procedural Due Process Claim

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377, n.8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the Michigan Parole Board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 596 N.W. 2d 202, 204 (Mich. Ct. App. 1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.; see also Hurst v. Dep't of Corrs. Parole Bd.*, 119 Mich. App. 25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Crump v. Lafler*, _ F.3d _, 2011 WL 4359901 at *9 (6th Cir. 2011) ("There is no legitimate claim of entitlement to parole [in Michigan], and thus no liberty interest in parole." (internal quotations and citation omitted)). Accordingly, Plaintiff does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Id.* (quoting *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979)). Because Petitioner

has no legitimate expectation of, and thus no liberty interest in, receiving parole, the Michigan Parole Board's alleged failure to set his release date in accordance with parole guidelines does not give rise to a due process claim. *Johnson,* 314 F. Supp. 2d at 713 (citation omitted); *see also Coleman v. Martin,* 63 Fed. App'x. 791, 792-93 (6th Cir. 2003) (holding prisoner could not maintain § 1983 action based upon the erroneous scoring of his parole guidelines). Therefore, Plaintiff has not stated a claim upon which relief may be granted.

### B. Plaintiff's Cruel and Unusual Punishment Claim

Plaintiff's related claim that the Parole Board violated his Eighth Amendment right to be free from cruel and unusual punishment is also without merit. The denial of an inmate's parole does not implicate the Eight Amendment's prohibition against cruel and unusual punishment. *See Carnes v. Engler,* 76 Fed. App'x. 79, 81 (6th Cir. 2003); *Lee,* 76 F. Supp. 2d at 792. In fact, "requiring a prisoner to serve even his maximum sentence works no constitutional violation upon an inmate." *Lee,* 76 F. Supp. 2d at 792.

### C. Plaintiff's Breach of Plea Bargain Claim

Plaintiff also claims that the Michigan Parole Board violated the plea bargain entered into between Plaintiff and the prosecutor by allegedly failing to calculate a parole evaluation report. "Plea agreements are contractual in nature, and as such, courts are guided by general principles of contract interpretation when construing plea agreements." *United States v. Moncivais,* 492 F.3d 652, 662 (6th Cir. 2007). Plaintiff has failed to allege that the Parole Board was a party to the plea agreement, and therefore, is unable to show that his plea bargain was breached by the Parole Board. *See Atkins v. Davison,* 687 F. Supp. 2d 964, 976 (C.D. Cal. 2009); *Keller v. U.S. Parole*

*Comm'n*, 768 F. Supp. 290, 292 (D. Or. 1991).  A parole board's awareness of or its disinclination to adopt the terms and conditions of a plea agreement is irrelevant in determining whether the prosecution met its commitment under a plea bargain agreement that it had entered into with a defendant.  *See Cohen v. United States,* 593 F.2d 766, 772 (6th Cir. 1979).  Indeed, "because the determination of parole eligibility is a separate phase of the criminal justice process, plea agreements that bind the prosecution with respect to the filing of additional criminal charges or sentencing recommendations do not, absent a clear intent to the contrary," bind the decisions of a parole board in determining a prisoner's parole eligibility.  *See Augustine v. Brewer*, 821 F.2d 365, 369, n.2 (7th Cir. 1987).

Further, even if Plaintiff were able to establish that the Parole Board was a party to the plea agreement, Plaintiff would nevertheless be unable to state a claim based on the facts alleged.  The Sixth Circuit recently held in a case involving substantially similar facts that a prisoner is not deprived of a purported property interest in his plea agreement where he claims that the agreement provided for parole eligibility consideration after serving ten years of a life sentence, and the Parole Board conducted two interviews with the prisoner and issued five "no interests" notices over the course of 15 years.  *See Dionne v. Sampson*, No. 11-1477 (6th Cir. October 5, 2011) (unreported).  Plaintiff has thus failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's complaint [Dkt.# 1] is DISMISSED pursuant to Fed. R. Civ. P. 12(b) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: November 16, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2011, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522