UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN BARNES,

    Plaintiff,

v.                                       Case No. 2:11-CV-14484

TOM COMBS, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT**

On November 16, 2011, the court summarily dismissed Plaintiff's 42 U.S.C. § 1983 complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. (*See* 11/16/2011 Order, Dkt. # 3.) Now before the court is Plaintiff's Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment in which Plaintiff seeks reconsideration of the court's summary dismissal. For the reasons set forth below, the court will deny the motion.

A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit

evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Nagle Indus. Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (quoting *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996)).

The majority of Plaintiff's motion simply restates his belief that Defendants violated his constitutional rights, but does not specify any grounds upon which he is entitled to relief under Rule 59(e). Because the court fully addressed Plaintiff's claims in its order dismissing the case, a restatement of the same arguments made in the complaint does not constitute proper grounds for amendment or alteration of the court's order. *See id.* Further, Plaintiff's challenge to the court's reference to an unreported Sixth Circuit case in its order of summary dismissal does not provide a basis for relief because the court's reference was not a clear error of law. Plaintiff argues that the court's citation of *Dionne v. Sampson*, No. 10-1477 (6th Cir. Oct. 5, 2011) (unreported) is inconsistent with Sixth Circuit precedence which states that unreported opinions do not serve as binding precedent. (Pl.'s Mot. to Alter or Amend J. Br. at 1 n.1, Dkt. # 4.) Under Sixth Circuit case law, unreported cases do not have binding precedential value, but citation to an unreported case does not constitute a clear error of law. Indeed, parties and federal courts often look to unreported cases as persuasive authority. *See e.g.*, *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 489 F.Supp.2d 772, 778 (E.D. Mich. 2007), *vacated on other grounds by Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008) (stating that "the simple fact that a case is unreported does not keep the Court from considering its holding as persuasive

authority").

IT IS ORDERED that Plaintiff's motion to amend or alter judgment [Dkt. # 4] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: January 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 25, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522